[Civ. No. 35824. First Dist., Div. One. May 22, 1975.]

WINZLER & KELLY et al., Petitioners, v.
THE SUPERIOR COURT OF HUMBOLDT COUNTY; Respondent;
LELAND LIPSCOMB et al., Real Parties in Interest.

COUNSEL

Jones & Wilson and George W. Coleman for Petitioners.

No appearance for Respondent.

Dunn, Phelps & Mills and Carlos Bea for Real Parties in Interest.

OPINION

MOLINARI, P. J.—Petitioners Winzler & Kelly, a corporation, and John Winzler, individually, seek a writ of mandate compelling respondent court to grant any or all of the following of petitioners' motions: Motion to compel execution, acknowledgment and filing of satisfaction of judgment or for an order ordering the entry of satisfaction of judgment without acknowledgment of satisfaction; motion to dismiss; motion for summary judgment. Alternatively petitioners seek a writ of mandate and/or prohibition commanding respondent court to desist and refrain from proceeding further with two superior court actions brought, respectively, by Leland Lipscomb and Thomas Reynolds (hereinafter referred to collectively as "plaintiffs") against petitioners Mercer-Fraser Co., a corporation (hereinafter "Mercer-Fraser"), Humboldt Bay Municipal Water District (hereinafter "Humboldt") and Winzler & Kelly and Kennedy Engineers, a joint venture (hereinafter the "Joint Venture"). When referred to collectively the defendants to said action will be designated as "defendants."

An alternative writ of mandate was issued by this court and a return and answer has been filed by Lipscomb, Reynolds and Mercer-Fraser. Although plaintiffs are the real parties in interest it appears from the record that the real party is Mercer-Fraser to whom plaintiffs have assigned all of their right, title and interest in their cause of action.

On July 24, 1967, plaintiffs filed an action in respondent court against defendants for damages for personal injuries alleged to have been sustained as the result of defendants' negligence. A verdict was rendered against defendants in favor of Lipscomb in the amount of $794,704.60 and in favor of Reynolds in the amount of $22,874.50 and judgment was entered upon the verdict on March 16, 1970.

On May 22, 1970, Mercer-Fraser paid Reynolds the full amount of his judgment and paid Lipscomb $520,000 in partial satisfaction of his judgment. On May 25, 1970, Mercer-Fraser filed its notice of claim for contribution in respondent court and moved for issuance of a writ of execution against petitioner Winzler & Kelly in aid of its claim for contribution.

Two appeals were taken from the judgment. A notice of appeal was filed by plaintiffs on June 1, 1970, and by Winzler & Kelly on June 5, 1970. Sufficient stay bonds on appeal were posted by Winzler & Kelly. Thereafter, on October 1, 1970, Mercer-Fraser's motion for issuance of execution in aid of contribution was denied without prejudice.

On October 1, 1973, Division Three of this court affirmed the judgments in favor of plaintiffs against Mercer-Fraser and Humboldt; reversed the judgment against the Joint Venture with directions to enter judgment in its favor; and reversed the judgment against petitioners and remanded plaintiffs' actions against petitioners for a new trial. The decision on appeal became final on December 1, 1973.

On or about December 21, 1973, Mercer-Fraser filed a document entitled "Declaration in Support of Application for Writ of Mandate in Aid of Contribution." In this declaration it was stated that on March 22, 1970, Mercer-Fraser paid $520,000 to Lipscomb in partial payment, discharge and satisfaction of his judgment and satisfied Reynolds' judgment by full payment, discharge and satisfaction of said judgment. The declaration also stated, upon information and belief, that Humboldt had paid the sum of $274,704.60, being the balance of the judgment entered in Reynolds' favor on March 16, 1970.

On January 23, 1974, plaintiffs filed and served a "Memorandum That Civil Case is at Issue" requesting that a date be set for jury retrial as to petitioners' liability. Petitioners then filed on March 7, 1974, and served on all parties, a "Notice of Motion and Motion to Compel Execution, Acknowledgment and Filing of Satisfaction of Judgment, or for an Order Ordering the Entry of Satisfaction of Judgment be Made Without Acknowledgment of Satisfaction; Motion to Dismiss; Motion for Summary Judgment." This motion was denied and it was ordered that a date be set for the retrial of plaintiffs' actions against petitioners. In its ruling respondent court noted that if petitioners were found liable to plaintiffs on the retrial petitioners would become joint tortfeasor judgment debtors with Mercer-Fraser and Humboldt and that there would be a right of contribution among them.[1] The instant proceedings then ensued.

Petitioners contend that the payment by Humboldt and Mercer-Fraser to plaintiffs of the amount of damages adjudicated by the judgment entered on March 16, 1970, amounts to satisfaction of the judgment and precludes plaintiffs from pursuing the action against petitioners. As a consequence they submit that respondent court abused its discretion in denying their motions to compel acknowledgment and filing of satisfaction of judgment.

Mercer-Fraser contends that we are required to deny the petition because the final decision of Division Three of this court on the appeal from the judgment is the law of the case and we are, therefore, bound by its mandate that the case must be retried on the issue of petitioners' liability. It is apparent from a reading of the opinion articulating the decision rendered by Division Three that the issues here presented were not before that court. The parties to these proceedings so concede.

■ The applicable rule is that where a decision has been rendered by an appellate court and the case is returned upon a reversal and a second appeal comes to the appellate court directly or intermediately, the reviewing court on the second appeal will not inquire into the merits of the first decision. (*People* v. *Shuey*, 13 Cal.3d 835, 841 [120 Cal.Rptr. 83, 533 P.2d 211]; *People* v. *Durbin*, 64 Cal.2d 474, 477 [50 Cal.Rptr. 657, 413 P.2d 433].) This rule is subject to the qualification that the point involved must have been necessary to the prior decision, that the matter must

---

[1]It appears that at or about the time the court made its ruling it had made its order that Mercer-Fraser was entitled to contribution from Humboldt so that the two parties would share equally in the payment of the judgments. It appears, also, that Humboldt has paid Mercer-Fraser a sum in satisfaction of Mercer-Fraser's right of contribution against Humboldt.

have been actually presented and determined by the court, and that the application of the doctrine will not result in an unjust decision. (*People* v. *Shuey, supra,* at p. 848; *Pigeon Point Ranch, Inc.* v. *Perot,* 59 Cal.2d 227, 231 [28 Cal.Rptr. 865, 379 P.2d 321].)

In the light of these principles we conclude that petitioners are not foreclosed from urging the issues here presented. The points here involved were not necessary to the prior decision nor were they actually presented and determined by the reviewing court. The issue as to whether the partial satisfaction of Lipscomb's judgment and the full satisfaction of Reynolds' judgment rendered the appeal moot was not presented on the appeal, nor was the reviewing court presented with the question whether the payments to Lipscomb and Reynolds operated as a complete release or a satisfaction of the plaintiffs' cause of action against all defendants. We observe that while the appeal was pending the payment to Lipscomb was only in partial satisfaction of his judgment. Under all the circumstances the issues presented to us are not amenable to disposition under the law of the case.

We observe, initially, that the manner in which a satisfaction of judgment is to be entered and the duties of parties and attorneys under such circumstances are provided for in Code of Civil Procedure section 675.[2] This statute, in pertinent part, provides: "Whenever a judgment is satisfied in fact, otherwise than upon an execution, the party or attorney must give such acknowledgment, or make such endorsement, and, upon motion, the court may compel it, or may order the entry of satisfaction to be made without it."

A court's compulsion of satisfaction of judgment has been upheld on review. (*Chambreau* v. *Coughlan,* 263 Cal.App.2d 712, 717 [69 Cal.Rptr. 783]; *Schwartz* v. *Cal. Claim Service,* 52 Cal.App.2d 47, 51 [125 P.2d 883]; *LaFleur* v. *M. A. Burns Lumber Co.,* 188 Cal. 321, 328 [205 P. 102]; *Bartneck* v. *Dunkin,* 1 Cal.App.3d 58, 62 [81 Cal.Rptr. 428].) No case has come to our attention which directs a lower court to compel the giving of a satisfaction of judgment by a reluctant plaintiff whose judgment has been paid in full or to order such an entry on its own motion.

█ It is, of course, the general rule that mandamus cannot be used to control the discretion of an inferior court or court officers, but where a court refuses to perform a clear duty, unmixed with discretionary power or the exercise of judgment, mandamus will issue. (*O'Bryan* v. *Superior*

---

[2] Unless otherwise indicated all statutory references are to the Code of Civil Procedure.

*Court,* 18 Cal.2d 490, 496 [116 P.2d 49, 136 A.L.R. 595]; *Taliaferro* v. *Locke,* 182 Cal.App.2d 752, 755 [6 Cal.Rptr. 813]; *W. A. Rose Co.* v. *Municipal Court,* 176 Cal.App.2d 67, 74 [1 Cal.Rptr. 49].) Accordingly, in the present case if petitioners are entitled as a matter of law to the entry of a satisfaction of judgment and the exercise of discretion is not involved such entry may be compelled by mandamus notwithstanding the permissive language of section 675. (See *Baird* v. *Smith,* 216 Cal. 408, 410 [14 P.2d 749]; *W. A. Rose Co.* v. *Municipal Court, supra; California etc. Co.* v. *Superior Court,* 13 Cal.App. 65, 70 [108 P. 882]; and see *Goodenough* v. *Superior Court,* 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Mercer-Fraser contends that the respondent court's denial of petitioners' motion to compel an acknowledgment of satisfaction of judgment and its order that the trial proceed against petitioners are proper since determination of petitioners' liability is a necessary prerequisite to determining whether rights of contribution against petitioners exist for the benefit of Mercer-Fraser and Humboldt.

Petitioners assert that no right of contribution presently exists against them since no judgment against them has been rendered and that, since plaintiffs have had their judgment satisfied, it would be improper to proceed to retry the issue of petitioners' liability solely for the purpose of creating or vindicating potential rights of contribution for the benefit of codefendants.

In order to place the issues presented in proper focus it is expedient that we take cognizance of certain principles applicable to joint tortfeasors. ■ It is the fundamental rule that joint tortfeasors are jointly and severally liable and that the injured party may sue each of them separately for the entire damages or unite all of them in a joint action. (*Valdez* v. *Percy,* 35 Cal.2d 338, 342 [217 P.2d 422]; *Farrell* v. *County of Placer,* 23 Cal.2d 624, 631 [145 P.2d 570, 153 A.L.R. 323]; *Cole* v. *Roebling Construction Co.,* 156 Cal. 443, 447 [105 P. 255]; see *Ash* v. *Mortensen,* 24 Cal.2d 654, 657-658 [150 P.2d 876].) ■ Since the liability of joint tortfeasors is several, a joint tortfeasor cannot complain if the plaintiff fails to join another joint tortfeasor in the action. (*Ash* v. *Mortensen, supra; Kallmeyer* v. *Poore,* 52 Cal.App.2d 142, 150 [125 P.2d 924].) By the same token where joint tortfeasors have been sued in a joint action a defendant in the joint action cannot defend on the ground that another joint tortfeasor was granted a new trial. *(Fowden* v. *Pacific Coast Steamship Co.,* 149 Cal. 151, 155-156 [86 P. 178].) With regard to liability

for damages it is the rule that each participant in a wrongful act is responsible as a joint tortfeasor for the entire damages irrespective of the degree of his participation. (§ 875, subd. (g); *Bartneck* v. *Dunkin, supra,* 1 Cal.App.3d 58, 62; *Guy F. Atkinson Co.* v. *Consani,* 223 Cal.App.2d 342, 346 [35 Cal.Rptr. 750].)

However, although each joint tortfeasor is liable for the entire damage, the injured party can receive only one satisfaction for his injury; "hence *satisfaction* of the judgment by execution sale, or payment by one or more of the joint or concurrent tortfeasors, extinguishes the obligation and discharges the liability of all the others; and partial satisfaction has the effect of a discharge pro tanto." (4 Witkin, Summary of Cal. Law (8th ed.) § 37, p. 2335; see Rest., Torts, §§ 885, 886; Rest., Judgments, § 95; *Cole* v. *Roebling Construction Co., supra,* 156 Cal. 443, 447-449; *Fowden* v. *Pacific Coast Steamship Co., supra,* 149 Cal. 151, 157; *Laurenzi* v. *Vranizan,* 25 Cal.2d 806, 813 [155 P.2d 633]; *Watson* v. *McEwen,* 225 Cal.App.2d 771, 774-775 [37 Cal.Rptr. 677]; *Steele* v. *Hash,* 212 Cal.App.2d 1, 2-3 [27 Cal.Rptr. 853]; *Heves* v. *Kershaw,* 198 Cal.App.2d 340, 345 [17 Cal.Rptr. 837].)

■ In *Watson* the rule is stated thusly: "The discharge or satisfaction of a judgment against one of several persons, each of whom is liable for a single harm, discharges each of the others from liability therefor. The discharge on the record of a judgment against any one of several persons liable for a single harm discharges all the others. Likewise, a payment in full by or on behalf of one of the judgment debtors which is accepted by the judgment creditor discharges the others. This is true where no judgment has been obtained against the other tortfeasors, where judgments have been obtained against the other tortfeasors either for the same amount or for larger amounts in separate actions, and where judgments have been obtained against the others in the same action. The rule applies where the tort was the act of one of them for which the others were liable, where all acted in concert, and where the act of each was merely a contributing factor to the harm. It is immaterial whether the one paying was, with reference to one who has not paid, primarily or secondarily liable. [Citations.]" (225 Cal.App.2d at p. 775.)[3]

---

[3]The factual situation in *Watson* was as follows: The plaintiff recovered a judgment for personal injuries against the owner and lessee operator of a recreational area against both defendants for $12,137. The owner moved for a judgment notwithstanding the verdict and for a new trial, and the operator moved for a new trial. The judge granted both motions unless plaintiff consented to a reduction to $7,637. Plaintiff filed a written consent and the lessee-operator paid in full and satisfaction was entered. It was held that the plaintiff waived her right to appeal and that she was estopped to pursue it. (225 Cal.App.2d at p. 775.)

The thrust of the rule articulated in *Watson* is that no bar arises as to any of the wrongdoers until the injured party has received satisfaction. Accordingly, a judgment against one wrongdoer which remains wholly unsatisfied is not such satisfaction. (*Cole* v. *Roebling Construction Co., supra,* 156 Cal. 443, 449; *Fowden* v. *Pacific Coast Steamship Co., supra,* 149 Cal. 151, 157.) Thus, where one defendant defaults his default may be entered and a judgment rendered against him, leaving the action to proceed as to the other defendants until the injured party has received satisfaction, even though this results in different judgments as to several defendants. (§ 579; *Cole* v. *Roebling Construction Co., supra.*) Similarly, different judgments as to several joint tortfeasor defendants may result when some of them receive a reversal on appeal or a new trial but the judgment is allowed to stand as to the others. (*Cole* v. *Roebling Construction Co., supra; Fowden* v. *Pacific Coast Steamship Co., supra; Dawson* v. *Schloss,* 93 Cal. 194, 199 [29 P. 31]; *Knight* v. *Gosselin,* 124 Cal.App. 290, 295-296 [12 P.2d 454].) The rendering of the second judgment does not create a double obligation against the defendants who were granted the new trial because such a grant relieved them from the obligation of the original judgment. (*Knight* v. *Gosselin, supra,* at p. 296.)[4]

In *Dawson,* a judgment was obtained on the first trial against defendants Schloss and Hinkle for $5,000. A new trial was granted as to Schloss alone. The judgment against Hinkle for $5,000 remained in force, but wholly unsatisfied. A new trial resulted in a judgment against Schloss for $3,000. Schloss appealed from the judgment contending that so long as the original judgment existed against Hinkle no judgment could be rendered against him on the new trial. This contention was rejected and the judgment against Schloss was affirmed upon the holding that as long as the judgment against Hinkle remained wholly unsatisfied a different judgment could be obtained against Schloss for the same wrongful act for a different amount. (At p. 199.)

It was observed in *Watson* that the rule it articulates is unaffected by the provisions of section 877[5] involving the release of one or more joint

---

[4]The rationale upon which different judgments may be rendered against different wrongdoers for the same wrongful act for different amounts is that the amount in each case is dependent upon the conclusion of the particular judge or jury as to the amount of damage accruing to the injured party for the wrongful act. (*Cole* v. *Roebling Construction Co., supra,* 156 Cal. 443, 449.)

[5]In section 877 it is provided as follows: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—(a) It shall not discharge any other such tortfeasor from liability

tortfeasors since that statute is operative where the release is before judgment. (225 Cal.App.2d at p. 775.) In the present case petitioners are not claiming that their liability was discharged pursuant to the provisions of section 877 on the basis that release of Mercer-Fraser from liability by Lipscomb and Reynolds discharged petitioners under its terms. ■ They assert since Lipscomb and Reynolds can receive only one satisfaction for their damages against the joint tortfeasors the satisfaction of the judgment entered against Mercer-Fraser and Humboldt operated to discharge them from liability.

The record in the instant case discloses that it is undisputed that the judgment obtained by plaintiffs against Mercer-Fraser and Humboldt has been fully satisfied. It also discloses that in the actions filed by plaintiffs they allege that all of defendants are joint tortfeasors. It is undisputed by plaintiffs and Mercer-Fraser that if petitioners were found liable to plaintiffs such liability would be predicated upon the finding that petitioners were joint tortfeasors. Accordingly, since plaintiffs have satisfied their judgment against Mercer-Fraser and Humboldt, two of the joint tortfeasors, such satisfaction operates to discharge petitioners from any liability to plaintiffs. The acts of plaintiffs in satisfying said judgments are inconsistent with the retention of a right to prosecute their action against petitioners, and Mercer-Fraser, as plaintiffs' assignee, is in no better position. (See *Bartneck* v. *Dunkin, supra,* 1 Cal.App.3d 58, 62.) Plaintiffs are therefore estopped from pursuing their actions against petitioners and petitioners are entitled to a writ of prohibition preventing the retrial of said actions.

In view of the conclusion reached by us that petitioners' liability may no longer be litigated we need not discuss Mercer-Fraser's contention that the determination of petitioners' liability is a necessary prerequisite to whether rights of contribution exist for the benefit of Mercer-Fraser and Humboldt. In any event, neither Mercer-Fraser nor Humboldt has a right of contribution against petitioners.

At common law there was no contribution between joint tortfeasors. (*Augustus* v. *Bean,* 56 Cal.2d 270, 271 [14 Cal.Rptr. 641, 363 P.2d 873]; *Thornton* v. *Luce,* 209 Cal.App.2d 542, 550 [26 Cal.Rptr. 393].) However, in California by virtue of the enactment of specific statutes (§ 875 et seq.) a limited right of contribution became available. (*Guy F. Atkinson Co.* v.

unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is greater; and (b) It shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors."

*Consani, supra,* 223 Cal.App.2d 342, 346; *Thornton* v. *Luce, supra;*
*American Can Co.* v. *City & County of San Francisco,* 202 Cal.App.2d
520, 523 [21 Cal.Rptr. 33].)

The specific statute providing for the exceptions to the common law
rule is section 875. In pertinent part that statute provides: "(a) Where a
money judgment has been rendered jointly against two or more
defendants in a tort action there shall be a right of contribution among
them as hereinafter provided. (b) Such right of contribution shall be
administered in accordance with the principles of equity. (c) Such right
of contribution may be enforced only after one tortfeasor has, by
payment, discharged the joint judgment or has paid more than his pro
rata share thereof. It shall be limited to the excess so paid over the pro
rata share of the person so paying and in no event shall any tortfeasor be
compelled to make contribution beyond his own pro rata share of the
entire judgment. . . . (g) This title shall not impair the right of a plaintiff
to satisfy a judgment in full as against any tortfeasor judgment debtor."
Section 876, in pertinent part, provides: "(a) The pro rata share of each
tortfeasor judgment debtor shall be determined by dividing the entire
judgment equally among all of them. . . ."

Pursuant to section 875 the limited right of contribution becomes
available only *where a money judgment has been rendered jointly against*
*two or more defendants in a tort action. (Augustus* v. *Bean, supra,* 56
Cal.2d 270, 272; *Barth* v. *B. F. Goodrich Tire Co.,* 15 Cal.App.3d 137, 141
[92 Cal.Rptr. 809]; *Bartneck* v. *Dunkin, supra,* 1 Cal.App.3d 58, 61-62;
*Buffington* v. *Ohmert,* 253 Cal.App.2d 254, 255 [61 Cal.Rptr. 360]; *Guy F.*
*Atkinson Co.* v. *Consani, supra,* 223 Cal.App.2d 342, 344-345; *Thornton* v.
*Luce, supra,* 209 Cal.App.2d 542, 550-551.) In the present case *no joint*
*judgment* has been rendered against Mercer-Fraser, Humboldt and
petitioners. Under the present posture of the litigation no judgment has
been rendered at all against petitioners and in view of the satisfaction of
plaintiffs' judgment against Mercer-Fraser and Humboldt no judgment
can be obtained against petitioners.

Reliance is also placed by Mercer-Fraser on section 709 for a right of
contribution. We do not perceive this statute to be relevant since it is
applicable to joint debtors and not joint tortfeasors. (See *LaFleur* v. *M.*
*A. Burns Lumber Co., supra,* 188 Cal. 321, 325; *Dow* v. *Sunset Tel. & Tel.*
*Co.,* 162 Cal. 136, 140 [121 P. 379]; *Forsythe* v. *Los Angeles Ry. Co.,* 149
Cal. 569, 573 [87 P. 24]; *Williams* v. *Riehl,* 127 Cal. 365, 369 [59 P. 762].)
Section 709 permits a judgment debtor, who is one of several judgment

debtors and who has paid more than his pro rata share of the judgment, to seek contribution from the other judgment debtors.[6] In any event, as in the case of the application of section 875, a prerequisite to seeking repayment or contribution under section 709 is the entry of a judgment against the party from whom contribution is sought. (*Tucker* v. *Nicholson,* 12 Cal.2d 427, 430 [84 P.2d 1045]; *Forsythe* v. *Los Angeles Ry. Co., supra,* at pp. 573-574; *Woolley* v. *Seijo,* 224 Cal.App.2d 615, 622 [36 Cal.Rptr. 762].) In the present case no judgment has been rendered against petitioners and none may be obtained which will hold petitioners jointly liable with Mercer-Fraser to plaintiffs.

In view of the conclusion reached by us petitioners are not entitled to a writ of mandate. Aside from the motion to compel the execution, acknowledgment and filing of a satisfaction of judgment or for an order directing the entry of a satisfaction of judgment without acknowledgment of judgment, the other motions within the purview of mandamus appear to involve the exercise of the court's discretion. Since no judgment has been adjudicated and entered against petitioners there is no judgment upon which an entry of satisfaction can be made. Petitioners are, however, for the reasons above indicated, entitled to a writ of prohibition commanding respondent court to desist and refrain from proceeding further with the two actions brought by plaintiffs against petitioners.

The peremptory writ of mandate is denied and the alternative writ of mandate is discharged. The peremptory writ of prohibition is granted.

Elkington, J., and Devine, J.,* concurred.

A petition for a rehearing was denied June 20, 1975, and the petition of the real parties in interest for a hearing by the Supreme Court was denied July 16, 1975.

---

[6]Section 709, in relevant part, provides: "When property, liable to an execution against several persons, is sold thereon, and more than a due proportion of the judgment is satisfied out of the proceeds of the sale of the property of one of them, or one of them pays, without a sale, more than his proportion, he may compel contribution from the others; and when a judgment is against several, and is upon an obligation of one of them, as security for another, and the surety pays the amount, or any part thereof, either by sale of his property or before sale, he may compel repayment from the principal. . . ."

*Retired Presiding Justice of the Court of Appeal sitting under assignment of the Chairman of the Judicial Council.