**In re Bruce P. ZELIS, Debtor.**

**Bruce P. ZELIS, Appellant,**

**v.**

**George PAPADAKIS, and Christina Papadakis, Appellees.**

BAP No. NC–93–1406–RJV.

Bankruptcy No. 91–40661–NK.

Adv. No. 92–4440–AJ.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 22, 1993.

Decided Nov. 29, 1993.

Jon R. Vaught, Oakland, CA, for appellant.

Christine Amatruda, San Francisco, CA, for appellees.

Before: RUSSELL, JONES and VOLINN, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge.

This appeal arises from an order granting summary judgment on the ground that the debts arising from sanction orders by the California Court of Appeal were nondischargeable under § 523(a)(6)[1] as a matter of law, since the findings by the California Court of Appeal were entitled to collateral estoppel effect. The debtor appeals. We AFFIRM.

## I. FACTS

In 1986, George and Christina Papadakis ("Papadakises") and Bruce Zelis ("Zelis") entered into a settlement agreement regarding a lawsuit filed in 1974. The settlement agreement provided that Zelis would stipulate to the entry of a judgment against him if the settlement agreement were breached.

### 1. *May 21, 1991 Sanction*

Sometime thereafter, Zelis breached the settlement agreement and the Papadakises moved for entry of the stipulated judgment. The trial court entered the stipulated judgment. Zelis appealed to the California Court of Appeal. The Papadakises filed a motion to dismiss on the grounds that it was a frivolous appeal and filed for the improper purpose of delay. In addition, the Papadakises requested sanctions. Zelis filed an opposition and declarations arguing the appeal was not frivolous and sanctions were not appropriate.

On January 9, 1990, after Zelis had filed his opposition, the Court of Appeal issued an order dismissing the appeal as frivolous and retained jurisdiction over the issue of sanctions which was the subject of an order to show cause issued that same day. The Court of Appeal informed Zelis that he was entitled

---

1. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

to an opportunity to respond to the order and set a hearing regarding sanctions for February 19, 1991.

On February 1, 1991, Zelis filed a Chapter 11 petition. On February 11, 1991, Zelis notified the Court of Appeal that he believed the automatic stay provision prohibited the Court of Appeal from proceeding with the show cause hearing and an opposition would not be filed until relief from the stay was granted. The Papadakises, on the same day, provided the court with authority, *O'Brien v. Fischel,* 74 B.R. 546 (D.Haw.1987), supporting the court's right to proceed with the hearing despite the automatic stay. Zelis was given an opportunity to respond, as the court stated, "to the *O'Brien* case or any other relevant legal issue prior to the submission of this matter for decision."

Despite this opportunity to respond on the merits, Zelis agreed that the filing of the bankruptcy petition did not stay the show cause hearing and asked the court for another hearing date. The Court of Appeal declined to grant a new hearing. Two months later on May 21, 1991 the Court of Appeal determined Zelis' appeal was frivolous as it was brought for the improper purpose of delay. The court sanctioned Zelis to pay the Papadakises $5,498.03 to compensate for attorney fees and costs, and also sanctioned Zelis $4,000.00 to be paid to the Court of Appeal.

### 2. *July 24, 1992 Sanction*

Litigation persisted between the Papadakises and Zelis. After relief from the stay was granted, proceedings with respect to a different claim continued in state court and a judgment notwithstanding the verdict was entered against Zelis by the trial court. The judgment specifically denied Zelis' motion to disqualify the judge and also issued an interlocutory order dissolving the partnership between the Papadakises and Zelis. Zelis filed a new appeal challenging this judgment with the California Court of Appeal.

On July 24, 1992, the Court of Appeal dismissed Zelis' appeal and entered a second order sanctioning Zelis. The Court of Appeal found Zelis' conduct in filing the appeal abusive, frivolous and in bad faith. The court imposed sanctions of $20,000 against Zelis and Montie S. Day ("Day"), jointly and severally. Mr. Day was another Appellant in that action and also had several other actions and related appeals pending with the Papadakises.

In the fall of 1992, the Papadakises entered into a settlement with Day regarding all of their claims. The Papadakises had claims against Day arising from his own conduct and Day had asserted cross-claims against the Papadakises. In the settlement agreement, Day transferred his partnership interest to the Papadakises in exchange for a mutual release of all claims. Also included was a release of Day for his personal liability to the Papadakises in the July 24, 1992 sanction order. Day agreed that a portion of his partnership proceeds would be paid to the Court of Appeal for the sanction owed directly to the court. The settlement agreement explicitly provided that Zelis was not released from any liability, including Zelis' liability for the July 24, 1992 sanctions.

On April 24, 1992, the court converted this case to Chapter 7. On August 24, 1992, the Papadakises filed their complaint to determine dischargeability of the two debts owed to them by Zelis for the court-imposed sanctions.

On January 25, 1993, the Papadakises filed a motion for summary judgment. On March 17, 1993, the bankruptcy court, applying a collateral estoppel effect to the Court of Appeal sanction orders, granted the motion on the ground that the sanctions were nondischargeable as a matter of law under § 523(a)(6), because they were debts for willful and malicious injury.

On March 22, 1993, the court entered its judgment. Zelis timely filed a notice of appeal on March 29, 1993.

### II. ISSUES

A. Whether the bankruptcy court correctly held that the sanctions issued against Zelis by a state appellate court were nondischargeable.

B. Whether the bankruptcy court correctly held that sanctions issued against Zelis and

another individual jointly were not satisfied by the Papadakises settlement with the other individual.

## III. STANDARD OF REVIEW

■ A bankruptcy court's decision to grant summary judgment is reviewed *de novo*. *Jones v. Union Pac. R.R. Co.*, 968 F.2d 937, 940 (9th Cir.1992); *In re Baird*, 114 B.R. 198, 201 (9th Cir. BAP 1990). The appellate court must determine whether the bankruptcy court correctly found that there was no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Baird*, 114 B.R. at 201, citing *Hifai v. Shell Oil Co.*, 704 F.2d 1425, 1428 (9th Cir.1983); *FDIC v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir.1992), *cert. granted*, —— U.S. ——, 114 S.Ct. 543, 126 L.Ed.2d 445 (1993) (the court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial).

## IV. DISCUSSION

### A. *THE SANCTION DEBTS WERE NONDISCHARGEABLE.*

The May 21, 1991 sanction was ordered after the debtor filed Chapter 11 but before the case was converted to Chapter 7. Section 348(d) provides that a claim arising before conversion shall be treated as if such claim had arisen before the date of filing of the petition.[2] Therefore, this sanction order is a prepetition claim.

The July 24, 1992 sanction, however, was ordered after Zelis' case was converted to Chapter 7. The parties are in dispute as to whether this sanction order was a pre or postpetition claim. During oral argument for the summary judgment motion, the court expressed some equivocation as to whether this was a pre or postpetition claim. Nevertheless, the bankruptcy court's final order found the July 24, 1992 sanction to be nondischargeable under § 523(a)(6). Therefore, the court must have finally concluded this was a prepetition claim because § 523(a)(6) does not apply to postpetition claims.

■ Zelis argues that the July 24, 1992 sanction was a prepetition claim. On January 31, 1992, Zelis filed the appeal which was the subject of the July 24, 1992 sanction order. On May 14, 1992, his bankruptcy case was converted to Chapter 7. The sanctions were issued on July 24, 1992. Zelis was sanctioned for filing the frivolous appeal on January 31, 1992. Since the filing of the appeal was the basis for the sanction and the filing occurred prior to the conversion of the case, Zelis argues that this was a prepetition claim. Conversely, the Papadakises contend that the sanction is a postpetition claim because it was ordered after conversion and therefore, as a postpetition obligation it is nondischargeable in the bankruptcy case. Surprisingly, we agree with Zelis. The July 24, 1992 sanction is a prepetition obligation because the sanctioned conduct occurred prior to conversion. *See, In re Jensen*, 127 B.R. 27, 33 (9th Cir. BAP 1991), *aff'd*, 995 F.2d 925 (9th Cir.1993) (claims in bankruptcy arise based upon the debtor's conduct); *In re Poule*, 91 B.R. 83, 87 (9th Cir. BAP 1988); *See also*, § 348(d).

■ The bankruptcy court correctly held that both sanction orders were nondischargeable as a matter of law under § 523(a)(6). Section 523(a)(6) provides that a debtor is not entitled to a discharge of a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." This exception to discharge must be established by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755, 767 (1991).

■ We have previously held that "willful and malicious," as stated in § 523(a)(6) means an intentional wrongful act which necessarily produces harm and is without just cause or excuse "*even absent proof of a specific intent to injure.*" *In re Karlin*, 112 B.R. 319, 322 (9th Cir. BAP 1989) *aff'd mem.*, 940 F.2d 1534 (9th Cir.1991) (emphasis supplied) (quoting *In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986)). The test under § 523(a)(6) is whether: (1) the appellant committed an act which was wrongful and intentional; (2) the appellant's action pro-

---

**2.** The parties are not in dispute that the May 21, 1991 is a prepetition debt.

duced harm; (3) the appellant's action was without just cause or excuse. *In re Manser*, 99 B.R. 434, 436 (9th Cir. BAP 1989).

The bankruptcy court found no triable issue of fact regarding the elements of dischargeability and gave collateral estoppel effect to the Court of Appeal's orders against Zelis. The bankruptcy court correctly found that the Papadakises had shown that all three elements of the willful and malicious test were met by the sanction orders. First, Zelis' filing of the appeal established an intentional act which the Court of Appeal found to be abusive and in bad faith. Second, the Court of Appeal found that Zelis' conduct caused harm to the Papadakises by forcing them to expend attorney's fees and costs and causing them to suffer from additional delay. Third, there was no cause or excuse for Zelis' conduct and each purported excuse that Zelis offered was rejected by the Court of Appeal.[3]

 The Supreme Court held in *Grogan* that the principles of collateral estoppel would apply to nondischargeability proceedings pursuant to § 523(a). 498 U.S. at 285, 111 S.Ct. at 658. The generally accepted requirements for collateral estoppel are that the issue sought to be precluded must have been: 1) the same as that involved in the prior action; 2) actually litigated; 3) determined by a valid and final judgment; and 4) essential to the final judgment. *See, In re Giangrasso*, 145 B.R. 319, 322 (9th Cir. BAP 1992); *See generally*, Barry Russell, *Bankruptcy Evidence Manual*, §§ 4–9 (1993 ed.).

 Zelis argues that there was no actual litigation on the merits and there was no determination of the elements required for dischargeability. As to the first sanction order, Zelis claims he had no opportunity to raise an opposition. However, Zelis filed an opposition and declarations and was given a full opportunity to be heard. The Court of Appeal gave him two opportunities to present additional arguments in opposition to the imposition of sanctions. As to the elements, Zelis does not dispute the Court of Appeal's determination regarding maliciousness, but claims there was no finding of intent. We

disagree. Zelis intentionally filed notices of appeal for wrongful and abusive purposes. Therefore, the Court of Appeal's first sanction order can be used to collaterally estop Zelis.

With respect to the second sanction order, the Court of Appeal issued an order for sanctions based on the Papadakises motion to dismiss the appeal and Zelis' opposition. This litigation was on the merits and was fully litigated. As to the determination of the elements, Zelis argues that his actions were not ones that necessarily produce harm. *See, Karlin*, 112 B.R. at 322 (willful and malicious means an act which necessarily produces harm). The filing of an appeal brief for wrongful and abusive tactics does produce harm by forcing the appellee to expend attorney's fees and costs, and suffer additional delay. Zelis' argument, therefore, has no merit since his actions necessarily produced harm.

Zelis' final argument relates to the standard of proof the Court of Appeal relied upon in imposing sanctions. In *Grogan*, the Supreme Court held that the standard of proof in a nondischargeability case is the preponderance of the evidence standard. 498 U.S. at 291, 111 S.Ct. at 661. Apparently, it was unclear what standard of proof the Court of Appeal relied upon in imposing the sanctions. Zelis argues that it must be shown that the Court of Appeal did not apply a standard more lenient than preponderance of the evidence. The bankruptcy court properly rejected this argument, concluding that there was no logical standard the Court could have used that is more lenient than preponderance of the evidence. We agree.

The Court of Appeal's orders were properly given collateral estoppel effect by the bankruptcy court and therefore, summary judgment was proper since there were no remaining genuine issues of material fact regarding whether the elements of nondischargeability under § 523(a)(6) were met.

B. *THE SETTLEMENT DID NOT SATISFY THE JULY 24, 1992 SANCTION DEBT.*

 Zelis claims the July 24, 1992 sanction debt was satisfied by the settlement between

---

**3.** *See* bankruptcy court's order granting plaintiff's motion for summary judgment at 2.

474

the Papadakises and Day. The July 24, 1992 sanction had been issued against Day and Zelis jointly. Subsequently, Day reached a settlement with the Papadakises regarding several litigations.

 We agree with Zelis that under California law where joint tortfeasors are jointly liable for the same wrong only one complete satisfaction is permissible. *See* Cal.Civ.Proc. Code § 875 (West 1980); *See also, Southern California Edison Co. v. Harnischfeger Corp.*, 99 Cal.App.3d 9, 14, 160 Cal.Rptr. 23 (1979); *Winzler & Kelly v. Superior Court*, 48 Cal.App.3d 385, 392, 122 Cal.Rptr. 259 (1975). However, Day did not satisfy his obligation, but was released when a compromise was reached.

The settlement encompassed numerous claims between the Papadakises and Day. As part of the compromise, the Papadakises released Day from further liability regarding the sanction order. The settlement did not operate as a satisfaction but merely released Day from further liability. The agreement, moreover, explicitly stated that it did not release Zelis from any liability to the Papadakises regarding the sanction order. We agree with the bankruptcy court that this settlement does not constitute a release or a satisfaction as to Zelis.

## V. CONCLUSION

The bankruptcy court's order granting summary judgment was proper because the final judgments imposing the sanctions entered by the California Court of Appeal were entitled to collateral estoppel effect, and the Court of Appeal made all the findings necessary to except these debts from discharge under § 523(a)(6). We AFFIRM.