Debtors' case was converted to Chapter 7 of the Bankruptcy Code on April 24, 2017. The Bank filed its complaint on July 31, 2017, seeking to except $24,000 attributable to the August barley proceeds spent by Jeremy on other expenses from Debtors'
*257 discharge under 11 U.S.C. § 523(a)(6). The Bank alleges that "Defendants converted the Plaintiff's collateral in the amount of approximately $24,000 through the sale of Plaintiff's collateral and retention of the sales proceeds." 22, Amended Complaint, ECF No. 11. Trial in this matter was held May 30, 2018. Wang, Walker, Stephanie and Jeremy testified. Exhibits 1, 2, 6, 7, 8 and 9 were admitted into evidence without objection.
DISCUSSION
The purpose of the Bankruptcy Code is to grant a "fresh start" to the "honest but unfortunate debtor." Marrama v. Citizens Bank of Mass. , 549 U.S. 365, 127 S.Ct. 1105, 1107, 166 L.Ed. 2d 956 (2007). A bankruptcy debtor is assumed to be "poor, but honest" and debts are presumed to be dischargeable unless a party proves otherwise with competent evidence. Albarran v. New Form, Inc. (In Re Albarran) , 347 B.R. 369, 379 (9th Cir. BAP 2006). The Bank bears the burden of proving their claim against the Debtors is exempt from discharge under 11 U.S.C. § 523 (a)(6), by a preponderance of the evidence. Grogan v. Garner , 498 U.S. 279, 284, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).
I. § 523(a)(6)
Section 523(a)(6) excepts from discharge debts resulting from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. 523(a)(6). The willful and malicious requirements are conjunctive. However, the court considers the "willful" and "malicious" prongs of § 523(a)(6) separately. Barboza v. New Form, Inc. (In re Barboza) , 545 F.3d 702, 706 (9th Cir. 2008) (citation omitted). "The willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." Petralia v. Jercich (In re Jercich) , 238 F.3d 1202, 1208 (9th Cir.2001), cert. denied, 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001). The injury itself must be deliberate or intentional, "not merely a deliberate or intentional act that leads to injury." Sparks v. King (In re King) , 258 B.R. 786, 795 (Bankr. D.Mont. 2001). Thus, negligent or reckless acts which inflict consequential injury do not fall within the ambit of § 523(a)(6). Kawaauhau v. Geiger , 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).
An injury is malicious if it "involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.' " Barboza v. New Form, Inc. (In re Barboza) , 545 F.3d 702, 706 (9th Cir. 2008) (citation omitted).[9] As a threshold matter, the Court finds that the Bank has not satisfied any of the § 523(a)(6) elements as to Stephanie. Stephanie was not involved in the delivery of the barley to Muggli Brothers and Stephanie did not cash the checks for the barley. The evidence shows that she had nothing to do with the Muggli transaction that resulted in the barley proceeds Jeremy used to pay other expenses. Thus, the Court does not have any evidence before it that supports excepting $24,000 from Stephanie's discharge under § 523(a)(6).
Solely at issue is the Bank's claim against Jeremy. There is no dispute that: (i) the Bank had a perfected security interest in the barley; (ii) the Bank's lien extended to the proceeds that resulted from the sale of that barley; and, (iii) Jeremy cashed various checks from the sale of the *258 barley, and used the proceeds to fund Debtors' continuing operating expenses in 2016. However, the Court has concluded, after careful consideration of the testimony, that the Bank has failed to show that Jeremy had a subjective motive to inflict injury on the Bank, or that Jeremy believed that injury was substantially certain to occur as a result of cashing the checks from Muggli Brothers and using the barley sales proceeds to further fund the farming operation.
At the time Jeremy cashed the checks and used the barley proceeds, Debtors were still anticipating proceeds from the harvest of their millet and corn crops. Debtors expected that the funds from these crops would be available to pay the Bank. Debtors did not anticipate diminished yields from their millet crop. Debtors also did not anticipate the complete loss of their corn corp. Finally, Debtors did not anticipate that their crop insurance claim would be denied. On this record the Court cannot conclude that Jeremy acted with the requisite mental state required under § 523(a)(6). The Bank has failed to demonstrate by a preponderance of the evidence that Jeremy either had a subjective motive to inflict injury on the Bank, or believed that injury was substantially certain to occur.
If the evidence is viewed in the light most favorable to the Bank, one might conclude Jeremy acted negligently or recklessly, but that is insufficient to prevail on a claim under § 523(a)(6). The Supreme Court instructs that Jeremy's negligent or reckless acts simply do not fall within the ambit of § 523(a)(6). Kawaauhau v. Geiger , 523 U.S. 57, 118 S.Ct. 974. Because the Bank failed to satisfy the willful injury prong of § 523(a)(6), consideration of whether Jeremy's acts were malicious is not necessary. The Bank's claims against Debtors under § 523(a)(6) are dismissed with prejudice.
II. § 523(d)
Having prevailed, Debtors seek attorney's fees and costs as permitted under § 523(d). Fees and costs to a prevailing debtor are provided for in § 523(a)(2) proceedings pursuant to § 523(d) which provides:
If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.
"The purpose of § 523(d) is to deter creditors from bringing frivolous challenges to the discharge of consumer debts. See S.Rep. No. 98-65, at 9-10 (1983)." First Card v. Hunt (In re Hunt) , 238 F.3d 1098,1103-04 (9th Cir.2001) ; Sparks v. King (In re King) , 258 B.R. 786, 797-98 (Bankr.D.Mont.2001).
To recover attorney's fees under § 523(d), a debtor must prove: (1) the creditor requested a determination of the dischargeability of the debt under § 523(a)(2) ; (2) the debt is a consumer debt; and (3) the debt was discharged. In re Stine , 254 B.R. 244, 249 (9th Cir. BAP 2000), aff'd, 19 F. App'x 626 (9th Cir. 2001). Debtors have satisfied factors 1 and 3, but they have not met their burden with respect to factor 2. "Consumer debt" is defined in § 101(8) as "debt incurred by an individual primarily for a personal, family or household purpose." "It is settled in this circuit that the purpose for which the debt was incurred affects whether it falls within the statutory definition of 'consumer debt' and that debt incurred for business ventures or other profit-seeking activities does *259 not qualify." Meyer v. Hill (In re Hill) , 268 B.R. 548, 552-53 (9th Cir. BAP 2001). In this case, Debtors secured the loan from the Bank to primarily fund their farming operation, with the hopes of making a profit on their crops. Additionally, Jeremy testified that he used the $24,000 proceeds from the sale of barley to further fund his farming operations. "[B]ecause the debt was incurred with a profit motive, it is not consumer debt." In re Bushkin , 2016 WL 4040679 (9th Cir. BAP 2016). Debtors have failed to meet their burden of showing that the loan proceeds from the Bank were consumer debts. Therefore, Debtors' request for fees under § 523(d) is denied. In accordance with the foregoing,
IT IS ORDERED that the Court will enter a separate judgment in favor of the Debtor/Defendants, Jeremy Wayne Robertus and Stephanie Rae Robertus; Plaintiff Bank of Baker's complaint against Defendants is dismissed with prejudice; and Defendants' request for attorney's fees and costs under § 523(d) is denied.

Whether an injury is "malicious" requires a separate inquiry, which is reviewed for clear error. Id. at 1209 & n. 36 ; Su v. Carrillo (In re Su) , 259 B.R. 909, 914 (9th Cir. BAP 2001), aff'd, 290 F.3d 1140 (9th Cir.2002).